UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                    Chapter 11

        203-205 North 8th Street Loft, LLC,        Case No. 20-40793-nhl

                                     Debtor.        Hon. Nancy Hershey Lord
                                                    United States Bankruptcy Judge

------------------------------------------------------------x

**DECLARATION OF DAVID SPEISER REGARDING GOOD FAITH OF
203-205 N 8TH STREET LLC, NORTH 8TH INVESTOR LLC AND 3052 BRIGHTON
1ST STREET LLC IN CONNECTION WITH SALE OF DEBTOR'S PROPERTY**

       DAVID SPEISER, hereby declares under penalty of perjury and pursuant to 28 U.S.C.

§ 1746 that the following is true and correct to the best of my knowledge, information and belief:

       1.      I am the Senior Managing Director of 203-205 N 8th Street LLC, North 8th Investor

LLC and 3052 Brighton 1st Street LLC (collectively, the "Secured Creditors"), each a secured

creditor of the above captioned debtor and debtor-in-possession (the "Debtor") and interested party

to this Chapter 11 case.  I have personal knowledge of the facts of this case and the events that

have transpired to date based upon the files maintained by the Secured Creditors in the ordinary

course of their business.  As such, I am fully familiar with the facts and circumstances of this

matter.

       2.      I respectfully submit this Declaration to support of an order approving the sale of

the Property (as defined below) to the Secured Creditors (or their designee, assignee or nominee)

(the "Successful Bidder"), including the extension of good faith and non-collusion protections of

Sections 363(m) and (n) of Title 11 of the United States Code (the "Bankruptcy Code") to the

Successful Bidder.

       3.      Pursuant to the Secured Creditor's Second Amended Plan of Liquidation for the

Debtor [ECF No. 102] (the "Plan"), the Amended Order Confirming Secured Creditors' Second

Amended Chapter 11 Plan of Liquidation for the Debtor [ECF No. 155] (the "Confirmation Order"),[1] and Order Granting Modification of the Sale Order and Bid Procedures and Termination of Order Authorizing Sale to Insider Group [ECF No. 242] (the "New Bid Procedures Order"), the Broker marketed the sale of the Debtor's real property at 203 and 205 North 8th Street, Brooklyn, NY 11211 (Block: 2313, Lots 28 and 29) (the "Property").  There were no qualified bids received, nor any qualified bidders, other than the Secured Creditors.

4.      The Successful Bidder has acted in good faith and without collusion with any other bidder or potential bidder.  To my knowledge, the Broker did not make information concerning the Property available to the Secured Creditors that was not also available to all potential bidders before the bid deadline.  There was no collusion between the Secured Creditors and any other potential bidder.

WHEREFORE, I respectfully request entry of the order, attached hereto as Exhibit A, approving the sale to the Successful Bidder, with a finding under Section 363(m) and (n) of the Bankruptcy Code as to the Back-up Bidder.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: New York, New York
        January 19, 2023

_____
DAVID SPEISER

---

[1] All capitalized terms not defined herein shall have the definition set forth in the Plan.

4885-7432-5821, v. 1

# Exhibit A

**(Immediately Follows This Page)**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                      Chapter 11

    203-205 North 8th Street Loft, LLC,              Case No. 20-40793-nhl

                    Debtor.            Hon. Nancy Hershey Lord
-------------------------------------------------------------x    United States Bankruptcy Judge

**ORDER (A) CONFIRMING AND APPROVING AUCTION SALE
OF PROPERTY PURSUANT TO 11 U.S.C. § 363(b), (f), (m),
AND (n) FREE AND CLEAR OF ALL CLAIMS, LIENS AND
ENCUMBRANCES, (B) APPROVING DISTRIBUTIONS
AT CLOSING, AND (C) GRANTING RELATED RELIEF**

Upon the Supplement to Motion (the "<u>Motion</u>") filed by 203-205 N 8th Street LLC, North 8th

Investor LLC and 3052 Brighton 1st Street LLC (collectively the "<u>Secured Creditors</u>"), secured

creditors of the above-captioned debtor and debtor in possession (the "<u>Debtor</u>"),  for entry of an order

approving sale procedures related to the sale of the Debtor's Real Property Pursuant to Bankruptcy

Code Sections 105(a), 363, 1123 and Bankruptcy Rules 2002 and 6004, Requesting Modification of

the Sale Order and Bid Procedures and Termination of Order Authorizing Sale to Insider Group

[ECF No. 229], which, among other things, sought approval of certain Bid Procedures (the "<u>Bid</u>

<u>Procedures</u>") to sell the Debtor's real property located at 203 and 205 North 8th Street, Brooklyn,

New York 11211 (Block: 2313, Lots 28 and 29) (the "<u>Property</u>") in connection with the confirmed

Secured Creditor's Second Amended Plan of Liquidation for the Debtor [ECF No. 102] (the "<u>Plan</u>");

and upon the Order Granting Modification of the Sale Order and Bid Procedures and Termination of

Order Authorizing Sale to Insider Group [ECF No. 242] (the "<u>New Bid Procedures Order</u>"), that, among

other things, approved the Bid Procedures, and set a bid deadline and a date for the auction, if

necessary; and upon the Declaration of Greg Corbin Regarding Results of Auction Pursuant to

Local Bankruptcy Rule 6004-1(f) (the "<u>Corbin Declaration</u>"); and upon the Declaration of David

Speiser Regarding Good Faith of Secured Creditors in Connection With Sale of Debtor's Property

(the "Speiser Declaration"); and it appearing that the Motion was properly and duly served upon all parties entitled to notice; and it appearing that the Corbin Declaration and the Speiser Declaration, attached to which as Exhibit A was a proposed draft of this Order, was served upon all creditors and parties in interest; and a hearing having been held on January 10, 2023 before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge (the "Sale Hearing"); and upon all of the pleadings and proceedings heretofore had herein, after due deliberation; and sufficient cause appearing therefor, it is,

**FOUND AND DETERMINED THAT**:

A.      This Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334.

B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.      The relief granted in this Order is in the best interests of the Debtor, its estate, and its creditors and all other parties in interest and is necessary and appropriate.

D.      As evidenced by certificates of service filed with the Court, and based upon representations of counsel at the Sale Hearing, adequate notice of the Motion, the Corbin Declaration, and the Speiser Declaration, attached to which as Exhibit A was a proposed draft of this Order, a reasonable opportunity to object or be heard with respect to the Motion and this Sale Order, and the hearing to confirm the results of the Bid Procedures has been given to all interested persons and entities, including, without limitation: (i) the Office of the United States Trustee; (ii) counsel to the Debtor; (iii) all entities known to have asserted any lien, interest or encumbrance upon the Debtor's assets; and (iv) all other parties who filed requests for notice under Bankruptcy Rule 2002 in this case and no other or further notice is necessary or required.

2

E.      The marketing and bidding processes implemented by the Secured Creditors and the Broker, as set forth in the Motion and the Corbin Decl., were fair, proper, and reasonably calculated to result in the best value received for the Property.

F.      The sale process was conducted in a commercially reasonable, non-collusive, fair and good faith manner pursuant to the Bid Procedures.

G.      The Secured Creditors have submitted the sole and highest and best bid received for the Property, with a bid of credit together with sufficient cash to make the payments required to be made under the Plan on the Effective Date.

H.      The Secured Creditors (or their designee, assignee or nominee) (the "Successful Bidder") is the "Successful Bidder" under the Bid Procedures.

I.      The sale to the Successful Bidder is an arms-length transaction and is being entered into in good faith by the parties.

J.      The Successful Bidder is deemed to be a good faith purchaser of the Property within the meaning of Section 363(m) of the Bankruptcy Code and is therefore entitled to all the protections afforded thereby.

K.      No evidence has been presented to the Court of any agreement amongst potential bidders that impacted the bidding and/or sale price.

L.      The sale process and marketing complied with the Plan and the Bid Procedures

M.      The Sale to the Successful Bidder in accordance with this Order will comply with the Plan, the Bid Procedures and the New Bid Procedures Order.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

ORDERED, that the relief requested in the Motion is granted to the extent set forth herein; and it is further

ORDERED, that pursuant to Sections 363(b), (f) and (m) of the Bankruptcy Code that the Debtor and the Secured Creditor are authorized, empowered, and directed to consummate the Sale of the Property to the Successful Bidder in exchange for credit and sufficient cash to fund the necessary payments under the Plan on the Effective Date; and it is further

ORDERED, that the Debtor is hereby authorized to sell the Property to the Successful Bidder and such sale shall be free and clear of all claims, liens, and encumbrances against the Property of any nature whatsoever (except as to the extent that the Secured Creditors' liens are assigned to a lender to the Successful Bidder), pursuant to 11 U.S.C. § 363(b) and (f)); and it is further

ORDERED, that the Debtor shall assume and assign to the Successful Bidder all residential leases pursuant to Section 365 of the Bankruptcy Code, which residential leases shall be assumed by the Successful Bidder; and it is further

ORDERED, that the Debtor shall reject and not assume all non-residential leases and executory contracts, unless Successful Bidder complies with the Plan's requirements in section 5.1 of the Plan, including by filing and serving an Assumption Notice (as defined therein); and it is further

ORDERED, that effective on the date of entry of this Order, all entities, including, but not limited to, the Debtor and its creditors, employees, former employees, members, equity owners, as well as administrative agencies, tax and regulatory authorities, governmental agencies, secretaries of state, federal, state and local officials, and their respective successors or assigns, including, but not limited to, persons asserting any claim and encumbrances against the Property, shall be permanently and forever barred, restrained and enjoined from commencing or continuing in any manner any action or other proceeding of any kind against the Property or the

4865-8283-7270, v. 1

Successful Bidder, its members, representatives, affiliates, assignees, designees, nominees, successors in interest or otherwise, with respect to: (i) any claims and encumbrances on, in respect of or against the Debtor or the Property; and (ii) recovering on any claim which such person or entity had or may have against the Debtor or Property; and it is further

ORDERED, that notwithstanding anything to the contrary, for avoidance of doubt, nothing contained herein shall constitute any waiver of the Secured Creditors' rights and remedies relating to a deficiency claim against any guarantor or other non-Debtor entity liable to the Secured Creditors; and it is further

ORDERED, that the Successful Bidder is deemed to be a good faith purchaser pursuant to 11 U.S.C. § 363(m) and is therefore entitled to the protections set forth therein; and it is further

ORDERED, that the Debtor, the Secured Creditors and the Successful Bidder are authorized to execute any and all documents necessary to effectuate the Sale of the Property as set forth herein; and it is further

ORDERED, that at the closing of the sale of the Property, the Debtor (or its agent) and, where applicable, the Receiver (as defined in the Plan) shall deliver all documents and items necessary to convey title to the Successful Bidder, which may include (but not limited to) the following:

> (i)     A Purchase and Sale Agreement and/or Deed that provides for the conveyance of title to the Successful Bidder, the terms of which shall be acceptable to the Successful Bidder and the Secured Creditors, and the Debtor is hereby ordered to execute such Purchase and Sale Agreement and/or Deed on or before the closing date set by the Successful Bidder;

(ii)    All documents to show that the Debtor is not a "foreign person" within the meaning of Section 1445 of the Internal Revenue Code 1986, as amended, or any regulations promulgated thereunder (as such "foreign person" is defined in the Internal Revenue Code);

(iii)   All documents relating to the Property including (without limitation) original leases and copies of leases relating to the Property, to the extent that such documents are in the possession, custody or control of the Debtor and/or its affiliates, agents, employees and Managing Agent;

(iv)    A bill of sale;

(v)     All keys and/or access cards relating to the Property, to the extent that such keys and/or cards are in the possession, custody or control of the Debtor and/or its affiliates, agents, employees and/or agent or the Receiver;

(vi)    An assignment of leases and executory contracts, if any, from the Debtor to the Successful Bidder for all leases and executory contracts, if any, that are to be assumed and assigned by the Debtor to the Successful Bidder;

(vii)   A notice to all tenants from the Debtor that the Successful Bidder is the owner of the Property and that such tenant's lease has been assigned to the Successful Bidder or rejected, as the case may be;

(viii)  An executed title affidavit and any other document required by the title company to issue a title insurance policy to the Successful Bidder;

(ix)    ACRIS transfer documents for the sale of the Property; and

(x)    Any other document reasonably required to effectuate the closing of the sale of the Property to the Successful Bidder, and it is further

ORDERED, that the fourteen-day stay provided for in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is waived and shall not be in effect and, pursuant to Rule 6004, 7062, and 9014 of the Federal Rules of Bankruptcy Procedure, this Order shall be effective and enforceable immediately upon entry; and it is further

ORDERED, that each and every federal, state and local government agency or department is hereby directed to accept any and all documents necessary and appropriate to consummate the sale of the Property as set forth herein and a copy of this Order may be filed in any place where state, federal or local law permits filing or recording; and it is further

ORDERED, that this Order shall be binding upon the Debtor, its successors and assigns, and any trustee that may be appointed in the case or any case under Chapter 7 of the Bankruptcy Code to which such case may be converted, and any affected third parties, including without limitation any encumbrances against or claims or interests in the Debtor's estate or any of its assets, and all other persons and entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons or entities who may be required by operation of law or by the duties of their offices to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report to or insure title or state of title in or to any of the Debtor's assets; and it is further

ORDERED, that pursuant to Section 1146(a) of the Bankruptcy Code, the sale of the Property as contemplated by the Bid Procedures Order, the Plan, and this Order shall be exempt from the payment of transfer, stamp, deed, mortgage recording, or similar taxes, including

without limitation, and any recorder of deeds or similar official for any governmental unit in which any instrument hereunder is to be recorded shall be ordered and directed to accept such instrument without requiring the payment of any transfer, stamp, deed, mortgage recording, or similar taxes; and it is further

ORDERED, that at the closing of the Sale of the Property, the Distribution Agent (as defined in the Plan) shall make all payments required to be made under the Plan; and it is further

ORDERED, that the Successful Bidder shall pay the Broker $71,100 as a commission and $4,245.67 for the Broker's expenses that were previously approved by this Court; and it is further

ORDERED, that this Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein; and it is further

ORDERED, that pursuant to section 8.1 of the Plan, the Disbursing Agent is authorized to sign any and all documents in connection with the sale and transfer of the Property to the Successful Bidder on behalf of the Debtor at or in anticipation of closing of the Sale, including the deed, ACRIS transfer documents, assignment of leases and rents, title affidavit(s), purchase and sale agreement, escrow agreement, settlement statement, non-foreign person certification, and bill of sale; and it is further

ORDERED, that the provisions of this Order shall survive and be enforceable in the event of conversion of this case to Chapter 7 of the Bankruptcy Code or dismissal; and it is further

ORDERED, that this Court shall retain jurisdiction to determine any dispute which may arise under, relating to or with respect to this Order.

Dated: New York, New York
       January   , 2022