UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

203-205 NORTH 8TH STREET LOFT, LLC,

       Debtor.
-------------------------------------------------------------x

Chapter 11

Case No. 20-40793-nhl

**STIPULATION AND ORDER SETTLING SECURED CREDITOR'S MOTION FOR ENTRY OF AN ORDER HOLDING 203-205 NORTH 8TH PROPERTY LLC, CHAIM MILLER, SAM SPREI, FRANK SEDDIO, AND SEDDIO & ASSOCIATES, P.C. IN CONTEMPT AWARDING SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY UNDER SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE**

  **WHEREAS**, on February 6, 2020, the above captioned debtor and debtor-in-possession (the "Debtor") filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court;

  **WHEREAS**, on or about September 17, 2021, this Court entered the Amended Order Confirming Secured Creditors' Second Amended Chapter 11 Plan of Liquidation for the Debtor [ECF No. 155], which confirmed the Secured Creditor's Second Amended Plan of Liquidation for the Debtor [ECF No. 102] (the "Plan"), which had been filed by 203-205 N 8th Street LLC (the "Defendant"), North 8th Investor LLC ("North 8th") and 3052 Brighton 1st Street LLC ("3052 Creditor" and, together with the Defendant and North 8th, the "Secured Creditors" or "Proponents");

  **WHEREAS**, on or about that same day, this Court entered an order [ECF No. 156] (as later amended, the "Initial Bid Procedures Order") that approved certain bid procedures (as amended, the "Initial Bid Procedures") to govern the sale of the Debtor's real property, commonly known as 203 and 205 North 8th Street, Brooklyn, New York 11211 (Block: 2313, Lots 28 and 29) (the "Property");

**WHEREAS**, on or about March 15, 2022, an auction took place pursuant to the Initial Bid Procedures, at which 203-205 North 8th Property LLC (the "Insider") placed the highest bid for $10,550,000.00 (plus the buyer's premium);

**WHEREAS**, as per the Initial Bid Procedures, the Insider made a deposit with an escrow agent in the amount of $1,055,000 (the "Deposit");

**WHEREAS**, on or about April 21, 2022, the United States Bankruptcy Court for the Eastern District of New York (the "Court") entered an order approving the sale of the Property to the Insider Group [ECF No. 203] (the "Order Authorizing Sale to Insider"), making June 13, 2022 the time of the essence deadline to close (including an available 30 day extension and application of Bankruptcy Rule 9006(a)(1)(C)) on the sale of the Property;

**WHEREAS**, on July 22, 2022 [ECF No. 216], the Court entered an order [ECF No. 216] (the "Order Directing a Closing") that, in paragraph 1, provided that the Insider must close on the sale of the Property within twenty-four hours of the receipt "of an insurable pro forma title owner's and loan policy, as cleared by title company's underwriter, concerning the Property which . . . shall not provide exceptions for the Dong, Davidoff or Pro electric liens (the 'Open Title Issues')."

**WHEREAS**, on August 1, 2022, Royal Abstract, the title insurance company, sent the Insider Plaintiff (and the other relevant parties) a copy of a pro forma title owner's and lender's policy that did not include exceptions for the Open Title Issues;

**WHEREAS**, the Insider did not close on the purchase of the Property following receipt of such pro forma title insurance policies;

**WHEREAS**, on August 30, 2022, the Proponents sent the Insider Plaintiff a letter declaring that the Insider Plaintiff was in default and forfeited its Deposit;

**WHEREAS**, on October 10, 2022, the Proponents filed and served a Supplement [ECF No. 229] (the "Supplement") to its earlier motion to sell the Property [ECF No. 113], filed in conjunction with the Plan, seeking to restart the sales process with a new auction;

**WHEREAS**, in response to the Supplement, the Insider Plaintiff filed a letter with the Bankruptcy Court requesting return of the Deposit [ECF No. 233] (the "Insider Letter");

**WHEREAS,** the Bankruptcy Court rejected the request of Plaintiff's Letter and entered an order on December 6, 2022 [ECF No. 242] (the "Order Restarting Sales Process"), granting the relief in the Supplement, restarting the sales process, overruled the Insider Letter, terminated the Sale Order and provided that the "Deposit remains forfeited . . . ." (Order Restarting Sales Process at 2);

**WHEREAS**, on February 20, 2023, the Court entered the Order (A) Confirming and Approving Auction Sale of Property Pursuant to 11 U.S.C. § 363(b), (f), (m), and (n) Free and Clear of All Claims, Liens and Encumbrances, (B) Approving Distributions at Closing, and (C) Granting Related Relief [ECF No. 260] (the "Second Sale Order"), which, among other things, approved the sale of the Property to the Secured Creditors (or their assignee, nominee or designee);

**WHEREAS**, on or about February 23, 2023, 203-205 North 8th Property LLC (the "Plaintiff"), the above captioned plaintiff, initiated a lawsuit against the Defendant in the Supreme Court of the State of New York, County of Kings (the "State Court"), under the title "*203-205 North 8th Property LLC v. 203-205 North 8 Street LLC*", Index No. 505906/2023 (the "State Court Lawsuit") by filing a summons with notice (the "Summons with Notice");

**WHEREAS**, on or about February 23, 2023, the Plaintiff attempted to file a notice of pendency against 203 and 205 North 8th Street, Brooklyn, New York 11211 (Block: 2313, Lots 28 and 29) (the "Property");

**WHEREAS**, on or about March 7, 2023, the Defendant filed a notice of removal in this Court, removing the State Court Lawsuit to this Court, which became an adversary proceeding (the "Adversary Proceeding");

**WHEREAS**, on or about March 10, 2023, the Plaintiff filed a complaint (the "Complaint") in the State Court Lawsuit in the State Court;

**WHEREAS**, on or about March 15, 2023, the Secured Creditors filed their Motion for Entry of an Order Holding 203-205 North 8th Property LLC, Chaim Miller, Sam Sprei, Frank Seddio, and Seddio & Associates, P.C. (collectively, the "Sanction Defendants") in Contempt Awarding Sanctions for Violation of the Automatic Stay Under Sections 105(a) and 362 of the Bankruptcy Code [ECF No. 271] (the "Sanctions Motion");

**WHEREAS**, on or about March 15, 2023, the Defendant filed in the Adversary Proceeding a Motion for Entry of an Order Dismissing the Complaint and Directing Removal of Notice of Pendency Pursuant to Bankruptcy Rule 7012(b)(6) [Adv. Proc. ECF No. 4] (the "Motion to Dismiss");

**WHEREAS**, on or about April 21, 2023, the Court entered the Order Dismissing Adversary Proceeding with Prejudice and Order Removal of Notice of Pendency [Adversary Proceeding ECF No. 13], which granted the Motion to Dismiss, dismissed the Adversary Proceeding, and ordered the Insider to remove the Notice of Pendency, which the Insider did several days later;

**WHEREAS**, on May 5, 2023, the Court entered the Contempt Order [ECF No. 305], which, among other things, found the Insider and Sam Sprei in contempt of orders of the Court, and set a hearing on the balance of the Sanctions Motion to June 6, 2023;

**WHEREAS**, on May 9, 2023, the Plan became effective and the Property was transferred

to a designee of the Secured Creditors (the "Designee"); and

**WHEREAS,** the Court has adjourned the hearing on the Sanctions Motion to July 7, 2023 to allow further settlement negotiations;

**WHEREAS**, the Parties are desirous of resolving this dispute,

NOW, therefore, it is STIPULATED AND AGREED as follows:

1. The foregoing "WHEREAS" clauses are incorporated herein and made a part hereof.

2. As promptly as possible following the execution of this Settlement Agreement, but not later than June 2, 2023, one of the Sanction Defendants (the "Paying Defendant") will pay the Secured Creditors $28,000 (the "Settlement Payment"). The Settlement Payment shall be made by wire transfer pursuant to the wire instructions set forth in Exhibit 1 hereto.

3. The Settlement Defendant represents and warrants as follows:

    a. The Settlement Defendant does not have unreasonably small capital, is not insolvent, and will not be rendered insolvent by the payment of the Settlement Payment.

    b. The Settlement Payment and the source of the funds used to make the Settlement Payment are not avoidable under fraudulent conveyance, fraudulent transfer or other applicable laws.

4. Each of the Sanction Defendants represents and warrants as follows:

    a. The signatory below for such Sanction Defendant has the authority to execute this agreement on behalf of such Sanction Defendant.

    b. The transfer of the Property to the Designee and the forfeiture of the Deposit and the Deposit's transmittal to the Secured Creditors was pursuant to the

Court's Order(s) and is not avoidable or actionable by the Sanction Defendants or any of their successors, assigns, partners, managers, members, employees, officers, or directors, nor does it give rise to any claim or cause of action against the Secured Creditors or the Secured Creditors' partners, members, managers, agents, employees, offers, directors, or counsel.

5.  Upon the execution of this Stipulation, the payment of the Settlement Payment and the so-ordering of this Stipulation by the Court, the Secured Creditors shall promptly withdraw the Sanctions Motion with prejudice.

6.  This Settlement Agreement shall be governed by and construed in accordance with the internal substantive laws of the State of New York, without reference to principles of conflicts of law or choice of law that could trigger the application of the laws of any other jurisdiction.

7.  The Court shall have jurisdiction to enforce this Stipulation.

8.  This Stipulation may be executed by facsimile or electronically transmitted signatures, and such facsimile or electronically transmitted signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or by mail, although it is the Parties' intentions to deliver original signatures after delivery of facsimile or electronically transmitted signatures.

9.  This Stipulation may be signed in multiple counterparts and, when each Party has signed a counterpart hereof, each such counterpart shall be a binding and enforceable agreement as an original.

10. This Stipulation may be amended, changed, or waived, in whole or in part, only by a written instrument signed by each of the Parties hereto.

11. This Stipulation shall be construed as if the Parties jointly prepared it and any uncertainty or ambiguity shall be interpreted against any Party.

Dated: New York, New York
      July 6, 2023

| KRISS & FEUERSTEIN LLP<br>*Attorneys for 203-205 North 8th Street LLC* | SEDDIO & ASSOCIATES, P.C.<br>*Attorneys for 203-205 North 8th Property LLC* |
|---|---|
| By:   *s/Daniel N. Zinman*<br>      Jerold C. Feuerstein, Esq.<br>      Daniel N. Zinman, Esq.<br>      Stuart L. Kossar, Esq.<br>360 Lexington Avenue, 12th Floor<br>New York, New York 10017 | By:   *s/Frank R. Seddio*<br>      Frank R. Seddio, Esq.<br>1 Metrotech, Suite 1803<br>Brooklyn, NY 11201 |

**SO ORDERED:**

Dated: August 31, 2023
    Brooklyn, New York



_____
Nancy Hershey Lord
United States Bankruptcy Judge